## 31907. YOUNG v. THE STATE.

INGRAM, Justice.

The appellant, Tommy Young, was convicted in the Superior Court of Dougherty County for theft by taking, aggravated assault, aggravated battery, malice murder, escape and felony murder. The offenses of aggravated assault and malice murder were set aside in the trial court but the remaining convictions are in issue on this appeal. The state sought the death penalty for the homicide, but appellant received a sentence of life imprisonment for it and lesser prison terms for the other offenses. There are a number of alleged errors enumerated in this appeal, but the controlling issue grows out of appellant's arrest without a warrant by a private citizen for shoplifting. The crucial question is whether appellant's arrest was lawful because the felony murder conviction is based on appellant's escape (a felony) from custody following this arrest when the homicide occurred.

It is not necessary to summarize all the evidence at trial because the state concedes in this appeal that appellant was arrested by a private citizen without a warrant and appellant tacitly acknowledges the evidence shows he caused the death of the store manager while fleeing from the scene of the store where he was accused of shoplifting with his two companions.

We have reviewed the transcript of evidence from the trial and in our opinion it authorizes the factual conclusion that appellant was detained at the store by the manager until a police officer could arrive and this was

done after appellant made an incriminating admission to the manager. Subsequently, the manager was slain by appellant during appellant's escape from the custody of the police officer who came to the store to take charge of appellant. It is equally clear that the officer had no authority to make an initial arrest of appellant as he had no warrant and no crime was committed in his presence. If appellant's arrest was lawful, it must depend entirely upon whether the store manager was authorized under Georgia law to arrest appellant and detain him for the police officer.

Appellant argues that he committed no crime in the presence of the store manager and therefore the manager, who came to the store shortly after the alleged shoplifting by appellant and his companions, had no authority to arrest him. On the other hand, the state argues that appellant's admission to the manager, coupled with other corroborating evidence of the shoplifting which was known by the manager, authorized appellant's arrest by the manager under Code Ann. § 27-211 (Rev. 1972).

The offense (shoplifting), for which appellant was arrested by the store manager, is a misdemeanor. "It is a well-settled principle of the law of this state, and, as far as we are advised, of all other jurisdictions, that a private individual cannot make an arrest for a misdemeanor, unless the offense is committed in his presence or within his immediate knowledge." *Delegal v. State,* 109 Ga. 518, 521 (35 SE 105) (1899). Thus, the decisive question we confront is whether appellant's arrest was for a misdemeanor committed within the immediate knowledge of the store manager. We think it was.

While the actual shoplifting was not done in the sight of the manager, appellant's admission, together with other evidence of the shoplifting known by the manager at the store, were sufficient to bring the offense within the immediate knowledge of the manager and authorize him to arrest appellant without a warrant. The terms "in the presence of" and "within his immediate knowledge" have been held to be synonymous. *Piedmont Hotel Co. v. Henderson,* 9 Ga. App. 672, 681 (72 SE 51) (1911). See also *Humphrey v. State,* 231 Ga. 855 (204 SE2d 603) (1974). The Court of Appeals recently reached a similar result in

550

*Moore v. State,* 128 Ga. App. 20 (195 SE2d 275) (1973), where it was held that an admission of an offense by an accused to the arresting party is tantamount to the commission of the offense in the presence of the party making the arrest. Whether the offense is said to be in the presence of, or within the immediate knowledge of, the arresting party, the result is the same as the two phrases mean the same thing.

We conclude that appellant was arrested by the store manager for shoplifting and that his arrest without a warrant was lawful under the circumstances of this case within the meaning of Code Ann. § 27-211 (Rev. 1972). Therefore, appellant's subsequent slaying of the store manager during appellant's escape from the custody of the officer who took charge of appellant from the manager authorized the felony murder conviction.

The conviction for the offense of escape must be set aside as it merged into the greater crime of the felony murder. See *Tarpkin v. State,* 236 Ga. 67, 71 (22 SE2d 364) (1976). However, the remaining convictions do not involve the same victim and relate to criminal elements separate and apart from the felony murder. These convictions, therefore, will be affirmed. We find no merit in any of the other enumerations of error asserted in this appeal.

*Judgment affirmed in part; reversed in part with direction. All the Justices concur.*

Argued January 25, 1977—Decided March 2, 1977—Rehearing denied March 17, 1977.

*Vansant & Engram, B. Sam Engram, Jr.,* for appellant.

*William S. Lee, District Attorney, Loring A. Gray, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.