### 43227. THOMAS v. THE STATE.
(345 SE2d 350)

HUNT, Justice.

Welton Jerome Thomas was convicted by a jury of the felony murder of Webster County Sheriff George Goare, and of escape with a dangerous weapon.[1] After a mistrial as to a death sentence, he was sentenced to life and 10 years to be served concurrently.

At the time of Sheriff Goare's killing on April 11, 1985, the defendant was in custody for the April 5 murder of Morris Moses in Richland, Georgia. After giving a statement regarding that murder, the defendant agreed to show Sheriff Goare where the murder weapon, a metal pipe, could be found. As they proceeded to the scene, near the Stewart County line, the defendant, according to his later statement, distracted the sheriff by pointing to some nonexistent cows and then grabbed his gun, which was lying in its holster under the armrest of the front seat. The sheriff realized what had happened and grabbed the barrel of the gun. As they struggled over possession of the gun, the defendant fired and that shot went into the seat, while

---

[1] The shooting and death of Sheriff Goare occurred on April 11, 1985; the defendant was arrested the next day and tried on August 28-31, 1985, and the judgment was entered on September 4, 1985. He filed his notice of appeal on September 30, 1985. The appeal was docketed here on February 24, 1986, and submitted for decision on April 11, 1986.

another hit the defendant in the leg; then the defendant fired a third shot into the ceiling of the car before hitting the sheriff in the neck and in the chest with the last 2 shots. The defendant fled but was arrested at his mother's home early the next morning, still handcuffed.

At trial, the defendant claimed the sheriff hit him and pulled his gun on him after the defendant moved in the back seat of the car, that he knocked the gun away and the sheriff shot him in the foot, and that thereafter they struggled over the gun and during this fight he shot the sheriff unintentionally.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of the crimes of which he was convicted beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In the defendant's only enumeration of error, he complains that the trial court erred in allowing the state to introduce evidence involving the murder of Morris Moses. After the fact of the first murder came out in the evidence, the defendant objected to the GBI agent's revealing the details of that crime on the grounds it put the defendant's character in issue. The state claimed it was offering the evidence as a similar crime to show motive and intent and the trial court erroneously admitted the testimony on this ground,[2] while appropriately admonishing the jury that the defendant would be tried separately for that killing and that it should not be considered for guilt.

The agent then testified to finding the beaten and stabbed body of Morris Moses in his ransacked living room and to arresting the defendant on a tip from a witness who, after being attracted by a commotion, recognized the defendant through the window of the victim's apartment on the night of the killing. Over further objection, the defendant's confession in the Moses case was admitted. The trial court recognized at this point that these events, tied directly to the murder of Sheriff Goare who was present at the confession,[3] and that the fact of the first murder itself was admissible as a necessary element of the state's case of escape against the defendant to show the defendant had been in lawful custody. OCGA § 16-10-52; *Ingram v. State,* 237 Ga. 613, 614 (299 SE2d 416) (1976).

---

[2] A "similar transaction" it was not. Furthermore, the state failed to comply with USCR 31.3 which requires notice in writing of the state's intent to offer such evidence and prior approval by the trial judge.

[3] The facts from this confession explained the conduct of both the sheriff and the defendant in setting out to find the weapon and served to explain the defendant's motive in escaping.

Thus, the evidence relating to the murder of Morris Moses was relevant under the circumstances of this case and was properly admitted.

3. Although not raised on appeal by the defendant, we do note that the defendant was convicted of felony murder and that the underlying felony charged to the jury was escape with a dangerous weapon. He was also separately convicted and sentenced (albeit concurrently) for this escape, over his objection. This conviction must be set aside as having merged with the felony murder. OCGA § 16-1-7. *Gore v. State*, 246 Ga. 575 (4) (272 SE2d 306) (1980); *Young v. State*, 238 Ga. 548, 550 (233 SE2d 750) (1977).

*Judgment affirmed in part; reversed in part. All the Justices concur.*

DECIDED JULY 16, 1986.

*Gary L. Morris*, for appellant.

*John R. Parks*, District Attorney, *Michael J. Bowers*, Attorney General, *J. Michael Davis*, Assistant Attorney General, for appellee.