### 43867. BROWN v. THE STATE.
(349 SE2d 738)

WELTNER, Justice.

Curtis Brown was convicted of the murder of Donna West by shooting and killing her with a rifle.[1] The evidence showed that Brown stood outside West's home with a loaded rifle in his hand, that he saw West through one of the windows of her trailer, that he pointed his rifle at her, and that he pulled the trigger. Two days after the killing, law enforcement agents called on Brown to determine if he had seen or heard anything unusual on the night West was killed. Brown reported that he had not come home until after dark and the ambulance had already gone past his home by the time he returned. Brown asked the officers what kind of gun had been used to shoot West, and he also stated that he had heard that a shoe print had been found near the scene and wanted to know if this were true. The officers then asked Brown to let them see the soles of the boots he was wearing. Upon finding a marked similarity between Brown's soles and prints left near the trailer, the officers asked if Brown owned a rifle. He produced a .22 caliber rifle. Brown agreed to accompany the officers to the jail, and allowed the officers to take possession of his rifle. Ballistics tests connected Brown's rifle with the fatal projectile.

1. The evidence meets the test of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The indictment charged Brown with malice murder, felony murder, and peeping tom. The verdict found him guilty of felony murder and peeping tom. Unless there are separate victims, a defendant may not be convicted of both felony murder and the underlying felony. *Woods v. State,* 233 Ga. 495 (212 SE2d 322) (1975). See also *Stitt v. State,* 256 Ga. 155 (345 SE2d 578) (1986); *Walker v. State,* 254 Ga. 149 (327 SE2d 475) (1985). Accordingly, the conviction of the offense of peeping tom is vacated.

3. Prior to trial, the trial court held a *Jackson v. Denno* hearing to determine whether certain admissions made by Brown were coerced by law enforcement officials. During the trial Brown testified that he had been threatened and "cussed" at by law enforcement of-

---

[1] Brown was indicted on January 12, 1986. He was found guilty and sentenced on July 24, 1986. The transcript was certified by the court reporter on August 8, 1986. Defendant's notice of appeal was filed on August 11, 1986. This appeal was docketed in this court on September 3, 1986, and was submitted without argument on October 17, 1986.

ficers. The officers denied any such treatment, and the trial court admitted Brown's statements. Unless clearly erroneous, a trial court's finding as to factual determinations and credibility relating to the admissibility of statements will be upheld on appeal. *Crawford v. State*, 245 Ga. 89 (2) (263 SE2d 131) (1980); *Berry v. State*, 254 Ga. 101 (326 SE2d 748) (1985). The trial court's ruling was not clearly erroneous.

4. The trial court's charge on the distinction between felony murder and malice murder was a correct statement of the law. *Burk v. State*, 234 Ga. 512 (216 SE2d 812) (1975). It was not error, nor was it prejudicial to Brown.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

DECIDED NOVEMBER 13, 1986.

*W. Dennis Mullis,* for appellant.
*James L. Wiggins, District Attorney, James E. Turk, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.

