## 45250. BALDWIN v. THE STATE.
### (366 SE2d 283)

BELL, Justice.

Melvin Baldwin was convicted and sentenced to life imprisonment for the stabbing death of Loretta Sparkman at her home in Douglas, Georgia.[1] Among the items introduced into evidence at trial was a confession by Baldwin to the crime. Baldwin made the statement to officers with the Douglas Police Department after he voluntarily surrendered to authorities the night following the slaying. Baldwin's sole contention on appeal concerns the admissibility of his confession. We affirm.

1. Baldwin contends that, after he requested the assistance of an attorney, police officers continued to question him about the slaying and obtained his confession. Baldwin's father's testimony supports Baldwin's claim that he asked to see a lawyer. However, the state

---

[1] The crime occurred on September 15, 1986, and Baldwin was indicted for malice murder on October 20, 1986. The state sought the death penalty. The trial began March 23, 1987, and the jury found Baldwin guilty and sentenced him to life in prison on March 26. Baldwin filed a motion for new trial on April 24. That motion was denied on June 12, 1987, and Baldwin filed his notice of appeal on July 9. The court reporter certified the transcript on November 17, 1987. The case was docketed in this court on December 1, 1987, and submitted for decision without oral argument on January 15, 1988.

presented several witnesses who testified that Baldwin never made such a request. In addition, the state introduced two signed waivers by Baldwin of his *Miranda* rights. The trial court ruled that the defendant was informed of his rights, that he never requested the presence of an attorney, and that he voluntarily waived the presence of an attorney before questioning.

Where a defendant contends at a *Jackson-Denno* hearing that he requested an attorney after receiving his *Miranda* rights, the trial court must make a specific finding on that contention. *Berry v. State*, 254 Ga. 101, 105, n. 6 (326 SE2d 748) (1985). On appeal the trial court's factual determination on such an issue will be upheld unless clearly erroneous. Id. at 104; *Brown v. State*, 256 Ga. 439, 440 (3) (349 SE2d 738) (1986). We conclude that the trial court's finding that Baldwin made no request for an attorney is supported by the record and is not clearly erroneous.

2. After examining the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Baldwin guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 6, 1988.

*Jerome Adams*, for appellant.

*Harry D. Dixon, Jr., District Attorney, Michael J. Bowers, Attorney General*, for appellee.