S91A0592. SMASHUM v. THE STATE.
(403 SE2d 797)

BELL, Justice.

Anthony Smashum appeals from his convictions of sodomy, one count of rape, and possession of a firearm during the commission of a felony. Smashum was acquitted of kidnapping and two counts of rape.[1] On appeal, Smashum, inter alia, challenges the sufficiency of the evidence to support his convictions, and contends that our sodomy statute, OCGA § 16-6-2 (a), violates the right to privacy guaranteed by the constitutions of Georgia and the United States. We affirm.

The evidence would have authorized the jury to conclude that the victim committed consensual sodomy on Smashum in the backseat of a car while a friend of Smashum's watched, and that Smashum threatened to kill the victim unless she had sexual intercourse with him. The victim testified that Smashum had sexual intercourse with her three times, once in the car and twice outside the car on the ground. The jury convicted Smashum of sodomy and of one count of

---

[1] The crimes occurred on September 16, 1988. Smashum was indicted on May 31, 1989, and convicted on October 3, 1989. On November 9, 1989, the court reporter certified the transcript. The trial court sentenced Smashum on December 8, 1989, and Smashum filed a motion for new trial on that same day. The trial court denied the motion for new trial on May 15, 1990. Smashum filed his notice of appeal to the Court of Appeals on May 30, 1990. The record was filed in the Court of Appeals on June 14, 1990. The Court of Appeals transferred the appeal to this Court on January 28, 1991. On March 15, 1991, the appeal was submitted for decision without oral argument.

rape.

1. In his first and second enumerations of error Smashum contends that the evidence is insufficient to support the convictions of sodomy and rape. However, viewing the evidence in the light most favorable to the state, we conclude that the evidence is sufficient to support the convictions of sodomy and rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his third enumeration of error Smashum contends the rape verdicts were inconsistent. He argues that the inconsistency shows the jury misinterpreted the facts and the law, and that such misinterpretation deprived Smashum of due process. Smashum does not describe in what way the jury misinterpreted the facts and the law. In fact, Smashum, without expressly saying so, is essentially asking this Court to overrule *Milam v. State*, 255 Ga. 560 (341 SE2d 216) (1986), in which we abolished the inconsistent-verdict rule in criminal cases.

In *Milam* we relied on *Dunn v. United States*, 284 U. S. 390 (52 SC 189, 76 LE 356) (1932), and *United States v. Powell*, 469 U. S. 57 (105 SC 471, 83 LE2d 461) (1984), in holding that inconsistent verdicts in criminal cases are not reviewable. *Milam*, supra, 255 Ga. at 562 (2). In *Powell*, the United States Supreme Court rejected

> as imprudent and unworkable, a rule that would allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error that worked against them. Such an individualized assessment of the reason for the inconsistency would be based either on pure speculation, or would require inquiries into the jury's deliberations that courts generally will not undertake. [*Powell*, supra, 469 U. S. at 66.]

Smashum would have this Court adopt the rule rejected in *Powell*, a rule we also rejected in *Milam*, supra, 255 Ga., based on our reliance on *Powell*. We decline to overrule *Milam*, and find no merit to this enumeration.

3. In his fourth enumeration of error Smashum contends that § 16-6-2 (a) violates the right to privacy guaranteed by the constitutions of Georgia and the United States. However, we need not resolve this issue, as Smashum lacks standing to raise it in this case. *Stover v. State*, 256 Ga. 515, 516 (1) (350 SE2d 577) (1986).

4. We find no merit to Smashum's fifth enumeration, in which he argues that the doctrine of res judicata bars his conviction of rape. Again, without expressly saying so, Smashum is asking us to overturn *Milam*, supra, 255 Ga. In *Powell*, supra, 469 U. S., the United States Supreme Court rejected the application of the doctrines of res judicata and collateral estoppel to inconsistent verdicts rendered by a sin-

gle jury in a criminal case. Id. at 476-477 (1, 2), 478-479 (5, 6). We adopted the reasoning of *Powell* in *Milam*, and we now decline to overrule *Milam*.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 10, 1991.

*C. Jackson Burch,* for appellant.
*Spencer Lawton, Jr., District Attorney, Elise B. Gray, Assistant District Attorney,* for appellee.