S96A0792. MILLEDGE v. THE STATE.
(470 SE2d 439)

CARLEY, Justice.

After a jury trial, Willie James Milledge was found guilty of felony murder while in the commission of an aggravated assault, aggravated assault and possession of a firearm during the commission of a crime. He was given a life sentence for the murder, a concurrent ten-year sentence for the aggravated assault and a concurrent five-year sentence for the possession of a firearm offense. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.[1]

1. Milledge enumerates the general grounds, urging that his justification defense demanded his acquittal. However, the struggle with the unarmed victim to which Milledge testified at trial was inconsistent with his previous versions of the events and with his own lack of injuries. When the evidence is construed most strongly in favor of the guilty verdicts, the jury would have been authorized to find the following: Milledge and the victim were neighbors. They and another neighbor began drinking. After the other neighbor passed out, Milledge got a gun and shot the victim who was standing on his own porch. Milledge followed the wounded victim into his house and continued to fire. The victim was found in the back hallway of his house and he died from a gunshot wound to the chest. From this evidence, a rational trier of fact could find beyond a reasonable doubt that Milledge, acting without justification, used a gun to fire a fatal shot at the unarmed victim. Accordingly, the general grounds are without merit. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[1] The crimes were committed on December 21, 1994 and Milledge was indicted on June 8, 1995. The guilty verdicts were returned on September 11, 1995 and the judgments of conviction and sentences were entered on that same day. A motion for new trial was filed on September 28, 1995 and was denied on January 10, 1996. The notice of appeal was filed on January 11, 1995, the case was docketed in this Court on February 6, 1996 and the appeal was submitted for decision on April 1, 1996.

2. "Unless there are separate victims, a defendant may not be convicted of both felony murder and the underlying felony. [Cits.]" *Brown v. State*, 256 Ga. 439 (2) (349 SE2d 738) (1986). In the indictment upon which Milledge was being tried, the separate aggravated assault count alleged his commission of the same aggravated assault upon the victim as underlay the felony murder count. Thus, the former merged into the latter and it was error to enter a separate judgment of conviction and concurrent ten-year sentence for the aggravated assault.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MAY 20, 1996.

*Jones & Jones, L. Earl Jones, Robert J. Pinnero,* for appellant.
*Britt R. Priddy, District Attorney, Michael J. Bowers, Attorney General, Allison B. Goldberg, Assistant Attorney General,* for appellee.