515 S.E.2d 614 (1999)
271 Ga. 91
SUAH
v.
The STATE.
No. S99A0444.
Supreme Court of Georgia.
May 17, 1999.
*615 Theodore Johnson, Johnson, Prioleau & Lynch, LLC, Atlanta, for Michael Orlanda Suah.
Paul L. Howard, Jr., Dist. Atty., Bettieanne C. Hart, Elizabeth A. Baker, Alfred D. Dixon, Asst. Dist. Attys., Thurbert E. Baker, Atty. Gen., Paula K. Smith, Senior Asst. Atty. Gen., Department of Law, Atlanta, for the State.
FLETCHER, Presiding Justice.
Michael Orlanda Suah was convicted of the felony murder and aggravated assault of Earl Favors and the aggravated assault of his cousin Felix Favors.[1] Suah contends that the trial court failed to properly charge the jury on voluntary manslaughter and felony murder under Edge v. State.[2] Because the charge as a whole adequately instructed the jury that it could not find felony murder unless it first determined that passion or provocation did not mitigate the homicide, we conclude that there was no reversible error and affirm.
1. The evidence presented at trial shows that Suah had an intimate relationship with Earl Favors' former girlfriend and that Favors threatened Suah three times. On the day of the shooting, Suah heard that two men were looking for him and borrowed a nine-millimeter gun from a friend. While *616 Favors' car was parked at a corner, Suah came walking across a field towards the car and started shooting. Felix Favors testified that he jumped out of the passenger side of the car and ran down the street. He was not hit. An Atlanta Housing Authority employee testified that he saw a man pull out a gun ten yards from the car and shoot at someone getting out of the driver's side of the car. He saw the gunman shoot three times as he chased the person around the car and then jump on the front end of the car and shoot two more times. The person being chased did not have a gun and was running in a crouched position as he tried to elude the gunman. A neighborhood resident identified Suah as the gunman. Earl Favors died 18 hours later from a gunshot wound to his abdomen. Suah admitted borrowing a gun, but claimed that he shot in self-defense. No witness saw Earl or Felix Favors with a gun. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Suah guilty of the crimes charged.[3]
2. In Edge, this Court disapproved of a sequential charge that prevented a jury from considering voluntary manslaughter if the jury had found the defendant guilty of felony murder. We do not require the trial courts to follow an exact formula in instructing juries so long as the charge as a whole ensures that the jury will consider whether evidence of provocation and passion might authorize a verdict of voluntary manslaughter.[4]
In this case, the trial court instructed the jury that it must first determine whether mitigating evidence would cause the crime to be reduced to voluntary manslaughter; defined voluntary manslaughter as causing the death of another as the result of a "sudden, violent, and irresistible passion, resulting from serious provocation"; and charged that the state had the burden of proving that the crime was not mitigated by passion or provocation. Taken as a whole, the charge adequately informed the jury that it could not find the defendant guilty of felony murder unless it first determined that neither passion nor provocation mitigated the homicide. Since the charge was sufficient, the failure of trial counsel to object to the charge or reserve the right to object does not rise to the level of ineffective assistance of counsel.[5]
3. Suah contends that he was entitled to a mistrial because the prosecutor intentionally elicited testimony concerning the defendant's drug activity. Suah testified on direct examination that he had never been involved in any crime and stated during cross-examination that he did his "own private thing," which was selling "my little reefer." Given that the defendant voluntarily stated that he had committed no major crime and just did his "own thing," the prosecutor was entitled to cross-examine him about what he meant by that term.[6] Moreover, after defense counsel objected to the line of questioning, the trial court gave a curative instruction reminding the jury that the defendant was not on trial for any drug-related offense. Under these circumstances, the trial court did not abuse its discretion in denying Suah's motion for a mistrial.[7]
4. The jury found Suah guilty of felony murder and two counts of aggravated assault. Although the trial court stated at the sentencing hearing that the aggravated assault of Earl Favors, which was the underlying felony, merged with the felony murder count, the sentencing form does not accurately reflect that fact. Accordingly, the trial *617 court is directed to correct the sentencing form to reflect that count three merged with count two.[8]
Judgment affirmed with direction.
All the Justices concur.
NOTES
[1] The shooting occurred on April 7, 1995. Suah was indicted on October 17, 1995. A jury found him guilty and the trial court sentenced him on April 2, 1996. Suah filed a motion for a new trial on May 1, 1996, which was denied on September 2, 1997. The case was docketed in this court on December 16, 1998, and submitted for decision without oral arguments on February 8, 1999.
[2] 261 Ga. 865, 414 S.E.2d 463 (1992).
[3] Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
[4] See Miner v. State, 268 Ga. 67, 68, 485 S.E.2d 456 (1997).
[5] See Green v. State, 266 Ga. 758, 759-760, 470 S.E.2d 884 (1996).
[6] See Jones v. State, 257 Ga. 753, 759, 363 S.E.2d 529 (1988).
[7] See Williams v. State, 257 Ga. 761, 764, 363 S.E.2d 535 (1988) (curative instruction sufficient).
[8] See Milledge v. State, 266 Ga. 699, 700, 470 S.E.2d 439 (1996) (defendant may not be convicted of felony murder and underlying felony when the victim is the same); Knight v. State, 266 Ga. 47, 464 S.E.2d 201 (1995) (trial court vacated the aggravated assault conviction and sentenced defendant to life imprisonment on the felony-murder count involving the same person); Griffin v. State, 265 Ga. 552, 553, 458 S.E.2d 813 (1995) (directing trial court to vacate sentence on aggravated assault count since it was an included offense in the offense of murder).