## S03A1201. SELLERS v. THE STATE.
### (587 SE2d 35)

SEARS, Presiding Justice.

The appellant, Frederick Sellers, appeals from his conviction for the felony murder of Keith Williams.[1] On appeal, Sellers contends, among other things, that the trial court erred by giving a charge that violated the principles of *Edge v. State*;[2] that the trial court erred in ruling against his claim of ineffective assistance of trial counsel; and that the trial court erred in admitting a State's exhibit into evidence. Finding no merit to any of Sellers's contentions, we affirm his conviction for felony murder.

1. Viewing the evidence in the light most favorable to the verdict, we conclude that the evidence would have authorized a rational trier of fact to conclude that Sellers and the victim had an argument on the day of the crimes that began when they were attempting to sell drugs to a third person; that the argument persisted late into the

---

[1] The crimes occurred on May 2, 2001. On June 25, 2001, Sellers was indicted for malice murder, felony murder, and aggravated assault. On November 29, 2001, a jury found Sellers not guilty of malice murder and guilty of felony murder and aggravated assault. The trial court merged the aggravated assault conviction with the felony murder conviction, and sentenced Sellers to life in prison on the felony murder conviction. On November 30, 2001, Sellers's trial counsel filed a motion for new trial. On June 28, 2002, the trial court appointed Sellers new counsel for appeal, and on October 25, 2002, appellate counsel filed an amended motion for new trial. On March 10, 2003, the trial court denied the motion for new trial, as amended. On March 28, 2003, Sellers filed a notice of appeal, and on April 25, 2003, the appeal was docketed in this Court. The appeal was orally argued on September 9, 2003.

[2] 261 Ga. 865, 866-867 (414 SE2d 463) (1992).

evening; that Sellers pulled a gun on the victim; and that Sellers shot the victim during the course of the argument. Accordingly, the evidence is sufficient to support the felony murder conviction.[3]

2. Sellers contends that it violates due process to permit, as in this case, an aggravated assault against the person who was killed to serve as the underlying felony for a felony murder conviction. This prohibition against the use of aggravated assault as the underlying felony is known as the "merger doctrine," and has been repeatedly rejected by this Court.[4] We decline to depart from those holdings in this case, and thus find this enumeration of error to be without merit.

3. Sellers contends that the trial court gave an improper sequential charge in violation of the principles set forth in *Edge v. State*.[5] We conclude, however, that, viewing the charge as a whole, it "adequately informed the jury that it could not find the defendant guilty of felony murder unless it first determined that neither passion nor provocation mitigated the homicide."[6] Moreover, contrary to Sellers's contention, the trial court did not abuse its discretion when, in recharging the jury on felony murder, it did not also recharge the jury on the principles of *Edge*.[7]

4. Sellers next contends that the trial court erred in ruling against his claim that he received ineffective assistance of trial counsel. We conclude that Sellers failed to prove that trial counsel was ineffective.

In this regard, to prevail on this claim, Sellers had the burden to show that trial counsel provided deficient performance and that the performance prejudiced his defense.[8] Sellers first contends that trial counsel was ineffective for failing to enlarge a photograph and introduce it into evidence. This photograph, Sellers alleges, shows dried blood on Sellers's head that resulted from an injury caused by the victim. Trial counsel, however, testified that the defense did not seek to use the photograph because it showed only a slight injury and because it was difficult to determine if blood was present. Trial counsel was concerned that if the defense introduced the photograph, the prosecutor could use the apparently insignificant nature of the injury to attack the credibility of the defense's theory that the victim threw

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] *Huntley v. State*, 271 Ga. 227, 230 (518 SE2d 890) (1999); *Franklin v. State*, 268 Ga. 865, 867 (494 SE2d 327) (1998); *Lee v. State*, 265 Ga. 112, 114-115 (454 SE2d 761) (1995); *Witherspoon v. State*, 262 Ga. 2 (412 SE2d 829) (1992); *Edge*, 261 Ga. at 866-867.

[5] See *Edge*, 261 Ga. at 867.

[6] *Suah v. State*, 271 Ga. 89, 90-91 (515 SE2d 614) (1999). Accord *Tessmer v. State*, 273 Ga. 220, 223-224 (539 SE2d 816) (2000).

[7] See *Jackson v. State*, 263 Ga. 468, 469 (435 SE2d 442) (1993).

[8] *Collins v. State*, 276 Ga. 726, 727 (583 SE2d 26) (2003).

a brick at Sellers that struck him in the head, thereby causing Sellers to fire his weapon in self-defense. Because defense counsel's decision not to enlarge the photograph and introduce it into evidence was a reasonable strategic or tactical decision, we cannot conclude that trial counsel provided ineffective assistance of counsel in failing to use the photograph at trial.[9]

Sellers also contends that trial counsel provided ineffective assistance by failing to subpoena a Detective Hughes. Sellers contends that if trial counsel had subpoenaed Hughes, a diagram prepared by Hughes would have been admitted into evidence and would have aided his defense by demonstrating, according to Sellers, that the dead-end parking lot in which the shooting occurred had cars parked along one side of it, thus making it hard for him to turn around and exit the parking lot before the shooting occurred.[10] However, because evidence of the presence of these cars, including the distance of the cars from where the victim was shot, was introduced into evidence by the testimony of several witnesses and by a videotape, we conclude that Sellers cannot satisfy the prejudice prong of his ineffectiveness claim.[11]

For the foregoing reasons, we conclude that Sellers's claim of ineffective assistance of counsel is without merit.

5. Sellers contends that the trial court erred by admitting into evidence a diagram of the crime scene prepared by an Investigator Bowen. More specifically, Sellers contends that the diagram was inadmissible because it failed to include the cars that Sellers contends made it difficult for him to exit the parking lot before the shooting occurred. We conclude the trial court did not abuse its discretion in admitting the diagram. In this regard, the diagram was relevant to the issues at trial and was accurate except for the omission of the cars, and that omission could have been and was pointed out by Investigator Bowen's testimony on direct and cross-examination when he explained the location of the cars on his diagram.[12] Accord-

---

[9] See *Fairclough v. State*, 276 Ga. 602, 605 (581 SE2d 3) (2003); *Richardson v. State*, 276 Ga. 548, 552-553 (580 SE2d 224) (2003).

[10] In this regard, the prosecution contended that Sellers could have avoided the altercation that led to the victim's death by driving out of the parking lot, whereas Sellers testified that, due to the limited space in which he had to maneuver his car, he could not exit the parking lot before, according to Sellers, the victim attacked Sellers, resulting in the shooting.

[11] *Collins*, 276 Ga. at 728 (A defendant must "show that there is a reasonable probability that, absent his counsel's unprofessional errors, the result of his trial would have been different.").

[12] See McCormick on Evidence, § 213 at 13 (5th ed. 1999) (When a trial court exercises its discretion to admit a diagram or sketch that contains an inaccuracy, there is no abuse of discretion if the "potentially misleading inaccuracies have been pointed out by witnesses for the proponent, or could have been exposed upon cross-examination.").

ingly, we find no merit to Seller's contention that the trial court erred in admitting the diagram.

6. Sellers next contends that the trial court erred in refusing to admit the diagram prepared by Detective Hughes that contained the location of the cars in question. However, even assuming the trial court erred in refusing to admit the diagram, the error was harmless, as other extensive evidence regarding the location of the cars was admitted at trial.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 6, 2003.

*Maria Murcier-Ashley*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Rosemary Brewer, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Frank M. Gaither, Jr., Assistant Attorney General*, for appellee.