## S04A0130. KING v. WATERS.
### (598 SE2d 476)

BENHAM, Justice.

King was convicted in 1998 of aggravated assault upon a peace officer and possession of a firearm during the commission of a crime. Although trial counsel requested a proper instruction on aggravated assault upon a peace officer, the trial court failed to charge the jury that King's knowledge that the victim of the assault was a peace officer was an essential element of the offense. See *Bundren v. State,* 247 Ga. 180 (2) (274 SE2d 455) (1981). Trial counsel did not object to the failure to charge, did not reserve objections to the charges, and serving as appellate counsel, did not raise the issue on direct appeal. The convictions were affirmed by the Court of Appeals in an unpublished opinion. *King v. State,* Case No. A00A0322, decided June 1, 2000. King filed a pro se habeas corpus petition in October 2000 alleging ineffective assistance of counsel. In June 2001, the attorney presently representing King filed an amendment to the original petition adding an allegation that trial/appellate counsel rendered ineffective assistance by failing to object to the charge on aggravated assault on a peace officer at trial and by failing to raise on appeal the issue of the improper charge. The habeas court agreed with the assertion of ineffectiveness and ordered vacation of King's conviction on the aggravated assault charge, but did not invalidate the conviction for possession of a firearm during the commission of a crime. This Court granted King's application for certificate of probable cause and directed the parties to address two questions: (1) whether a habeas corpus court must reverse a conviction for possession of a firearm during commission of a felony when the sole felony conviction itself has been reversed; and (2) whether the rule of *Milam v. State,* 255 Ga. 560 (2) (341 SE2d 216) (1986), and *Kimble v. State,* 236 Ga. App. 391 (1) (512 SE2d 306) (1999), applies when "inconsistent verdicts" exist because of an appellate or a habeas corpus court's ruling.

1. Turning first to the question of inconsistent verdicts, we note that in *Milam v. State,* supra, this Court adopted the reasoning of the U. S. Supreme Court in *United States v. Powell,* 469 U. S. 57 (105 SC 471, 83 LE2d 461) (1984), and abolished the rule against inconsistent

verdicts.[1] The essence of the holding in *Powell* is that appellate courts need not invalidate a conviction on a compound offense (such as the offense of possession of a firearm during commission of a crime in the present case) which is logically inconsistent with an acquittal on the predicate or underlying offense (in this case, aggravated assault on a peace officer) because the appellate court cannot know and should not speculate why a jury acquitted on the predicate offense and convicted on the compound offense. The reason could be an error by the jury in its consideration or it could be mistake, compromise, or lenity, but as a matter of prudence, the conviction on the compound offense should be upheld so long as the evidence will support it. Id.

The situation here is very different because we are not dealing with a verdict by a jury whose motivations must remain a mystery to us, but with the transparency of a legal process in which the reasoning of the decision-maker is apparent. Here, we know the conviction on the predicate offense was vacated because appellate counsel rendered ineffective assistance in failing to raise on appeal the error of the trial court in failing to charge on an essential element of the predicate offense. *Bundren*, supra. There is, therefore, no speculation, and the policy explained in *Powell* and adopted in *Milam*, supra, for not considering whether the conviction on the compound offense is likewise infected with error does not apply.

2. Having concluded that rules regarding inconsistent verdicts have no application to the present case, we address the question whether the habeas court's vacation of the aggravated assault on a peace officer conviction requires vacation of the conviction on the firearm possession offense predicated on the now-vacated conviction. King argues persuasively on appeal, and we agree, that a proper instruction on the charge of possession of a firearm during commission of a crime would have required the jury in the present case to find the defendant committed an aggravated assault on a peace officer. This is so because it is clear from the language of OCGA § 16-11-106 (b)[2] that the commission of the felony named in the indictment is an

---

[1] For application of that rule, see *Kuck v. State*, 149 Ga. 191 (99 SE 622) (1919); *Britt v. State*, 36 Ga. App. 668 (137 SE 791) (1927).

[2] Any person who shall have on or within arm's reach of his or her person a firearm or a knife having a blade of three or more inches in length during the commission of, or the attempt to commit: (1) Any crime against or involving the person of another; (2) The unlawful entry into a building or vehicle; (3) A theft from a building or theft of a vehicle; (4) Any crime involving the possession, manufacture, delivery, distribution, dispensing, administering, selling, or possession with intent to distribute any controlled substance or marijuana as provided in Code Section 16-13-30, any counterfeit substance as defined in Code Section 16-13-21, or any noncontrolled substance as provided in Code Section 16-13-30.1; or (5) Any crime involving the

essential element of possession of a firearm during commission of a crime, and "the failure to inform the jury of an essential element of the crime charged is reversible error because the jury is left without appropriate guidelines for reaching its verdict. [Cits.]" *Chase v. State*, 277 Ga. 636, 640 (2) (592 SE2d 656) (2004). Since the habeas court found the instruction on aggravated assault on a peace officer was fatally flawed, it follows that the instruction on possession of a firearm during the commission of that aggravated assault was likewise flawed and, if raised on appeal, would have resulted in a reversal of that charge as well. Id. It further follows that if trial/appellate counsel's performance was deficient and the deficiency prejudiced King with regard to the instruction on aggravated assault on a peace officer, his performance was equally deficient and the deficient performance equally prejudicial with regard to the instruction on possession of a firearm by a convicted felon. Since King raised the issue of the viability of the firearm possession conviction before the habeas court by arguing that the possession conviction must fall if the aggravated assault conviction fell, we conclude the habeas court erred in failing to vacate the possession conviction as well.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 28, 2004.

*James E. Millsaps*, for appellant.
*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Mark A. Gilbert*, for appellee.

trafficking of cocaine, marijuana, or illegal drugs as provided in Code Section 16-13-31, and which crime is a felony, commits a felony. . . .
OCGA § 16-11-106 (b).