S07A0735. BOLSTON v. THE STATE.
(651 SE2d 19)

MELTON, Justice.

Following a jury trial, Dominic Bolston was convicted of felony murder, aggravated assault, and possession of a firearm during the commission of a felony in connection with the shooting death of Khadrick Turner.[1] Bolston contends on appeal that the evidence was insufficient to support his convictions and that the trial court erred by sentencing him on his aggravated assault conviction. For the reasons that follow, we affirm in part and vacate in part.

1. Viewed in the light most favorable to the verdict, the record shows that on April 23, 2004, several witnesses saw Turner get into a heated argument with Bolston, a competing drug dealer, over money. Bolston left the scene and later returned with a .380 caliber pistol. With several onlookers still at the scene, Turner and Bolston began arguing again, and Turner, who was unarmed, raised his fists to fight Bolston, stating "let's rumble." Bolston replied, "rumble this," pulled out his gun, and began firing at Turner. Turner attempted to flee, but Bolston shot him in the back. Turner fell to the ground, and Bolston shot him in the back two more times. Bolston fled the scene,

---

[1] On December 10, 2004, Bolston was indicted for malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a felony. On March 25, 2006, Bolston was acquitted of malice murder, but found guilty on all of the remaining counts. Two days later, Bolston was sentenced to life for the felony murder, twenty years for the aggravated assault, and five years for the possession of a firearm count (to run consecutive to the felony murder sentence). Bolston filed a motion for new trial on April 3, 2006. On December 12, 2006, the motion was denied. Bolston's timely appeal was docketed in this Court on February 1, 2007, and submitted for decision on the briefs.

and Turner later died at the hospital from his gunshot wounds. Bullets recovered from the victim's body and shell casings recovered from the crime scene confirmed that all of the shots fired during the altercation were from the same .380 caliber weapon. The evidence was sufficient to enable a rational trier of fact to reject Bolston's theory that he shot Turner in self-defense and to find him guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Price v. State*, 280 Ga. 193 (2) (625 SE2d 397) (2006).

2. As the State concedes, and as Bolston correctly argues, the trial court erred in entering a sentence on Bolston's aggravated assault conviction. Although the trial court purported to merge the aggravated assault conviction into the felony murder conviction for sentencing purposes, the court's final disposition on the aggravated assault count actually states that the "defendant is hereby *sentenced to confinement for a period of 20 years* to merge [with the felony murder count]." Because aggravated assault was the underlying felony that formed the basis for the felony murder charge against Bolston, Bolston could not be sentenced on both aggravated assault and felony murder when found guilty of both. OCGA § 16-1-7; *Thomas v. State*, 256 Ga. 176 (3) (345 SE2d 350) (1986). We therefore must vacate the separate judgment of conviction and sentence for aggravated assault. *Nix v. State*, 280 Ga. 141 (2) (625 SE2d 746) (2006).

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED SEPTEMBER 24, 2007.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Elizabeth A. Baker, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.