**SECOND DIVISION**
**MILLER, P. J.,**
**BROWN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**January 27, 2021**

# In the Court of Appeals of Georgia

A18A2035. MIDDLETON v. THE STATE.

MILLER, Presiding Judge.

A jury found Derrick Leonard Middleton guilty of hijacking a motor vehicle, theft by receiving stolen property, possession of a firearm during the commission of a felony, and various other offenses related to an armed robbery and carjacking. In Division (1) (a) of our prior unpublished opinion in this case, we determined that Middleton had waived his right to challenge whether the jury had returned an inconsistent verdict when it convicted him of both hijacking a motor vehicle (Count Three) and theft by receiving stolen property (Count Eight). The Supreme Court of Georgia, in *Middleton v. State*, ___ Ga. ___ (846 SE2d 73) (2020), reversed that determination, concluded that the jury did return an inconsistent verdict as to these two counts, and remanded the case to this Court with direction to remand the case to

the trial court to vacate the judgment of conviction in part and set aside the verdicts on these two counts. We therefore vacate Division (1) (a) of our previous opinion, adopt the opinion of the Supreme Court as our own, and reverse Middleton's convictions on Count Three and Count Eight and remand for a new trial as to these counts. See id. at ___ (3).

In Division 2 of our prior opinion, we declined to vacate Middleton's conviction for possession of a firearm during the commission of the hijacking of a motor vehicle (Count Four) because we found that he had waived any challenge to the predicate conviction for hijacking of a motor vehicle. Because we now reverse the predicate conviction for hijacking of a motor vehicle, we also reverse his conviction on Count Four and remand for a new trial on this count as well. See *King v. Waters*, 278 Ga. 122, 123-124 (2) (598 SE2d 476) (2004).

In Division (3) (b) of our prior opinion, we concluded that two of Middleton's convictions for possessing a firearm during the commission of a felony (Counts Two and Seven) should have merged into Count Four. Because we now reverse Middleton's conviction on Count Four, we amend our prior holding, vacate

2

Middleton's conviction on Count Seven, and direct the trial court to merge Count Seven into Count Two for the reasons stated in Division (3) (b) of our prior opinion.[1]

No other part of our prior opinion is affected by the Supreme Court's decision, and so we hereby reinstate all of the remaining Divisions of our prior opinion.

In summary, we reverse Middleton's convictions on Counts Three, Four, and Eight, vacate his conviction on Count Seven, and remand for proceedings consistent with the Supreme Court's decision and our decisions in this case. All of Middleton's remaining convictions and sentences stand affirmed.

*Judgment affirmed in part, reversed in part, vacated in part, and case remanded. Brown and Pipkin, JJ., concur.*

---

[1] If Middleton is eventually properly convicted on Count Four, then the trial court shall merge both Counts Two and Seven into Count Four for the reasons stated in Division (3) (b) of our prior opinion.