## 46466.   WILEY v. THE STATE.

DEEN, Judge. The defendant was tried on seven accusations growing out of various phases of an incident in which, under the testimony of the arresting city police officer, he was attempting to place the defendant under arrest for speeding. At the close of the evidence the trial judge dismissed the accusation charg-

ing the defendant with speeding inside the city limits for which he was first pursued by the arresting officer. The jury found not guilty verdicts on five other accusations and guilty, with a recommendation of leniency as to Accusation No. 23,852 reading as follows: "The State of Georgia, upon the affidavit of Charles Love as prosecutor, doth charge and accuse James R. Wiley with the offense of misdemeanor for that the said James R. Wiley in the County aforesaid on the 25th day of June in the year of our Lord 1970 with force and arms did wilfully fail and refuse to comply with the lawful orders and directions given by the officer invested by law to direct, control and regulate traffic, by failing to stop when requested to do so by said officer . . . " A motion in arrest of judgment was made on the ground that this language is the same as that of Accusation No. 23,853 on which a verdict of not guilty was rendered. These accusations are in fact identical except as to the docket number. Additionally, while the affidavits on which these accusations are based charge different specific acts occurring during the pursuit of the defendant by the police officer, the affidavit in Case No. 23,852 is based on the following language: "Approached subject car after chase and informed subject he was under arrest; subject refused to leave car; attempted to remove subject from auto and subject struck officer with car door." The specific facts alleged in this affidavit are substantially identical with the facts alleged in the affidavit in Accusation No. 23,847 charging simple battery upon which a verdict of not guilty was also rendered. We give this latter fact no special significance but mention it only to show that if the State's theory were adopted (that the accusation and affidavit should be considered together in determining the nature of the crime for which the defendant is on trial) we would still be confronted with a repugnancy of verdicts. The true rule is: "The nature of the crime in an indictment or accusation is to be determined from the description of the crime contained in the indictment or accusation; that is, from the acts alleged to have been committed which are contrary to the laws of the State. *Brusnighan v. State,* 86 Ga. App. 340 (71 SE2d 698), and the numerous cases there cited." *Moore v. State,* 94 Ga. App. 210, 211 (94 SE2d 80) and see *Plummer v.*

*State,* 90 Ga. App. 773, 778 (84 SE2d 202); *Code* § 27-408. The same act is alleged to have been committed in both accusations 23,853 and 23,852. Acquittal under the former would be a good res judicata defense on a charge of failure to obey the lawful orders and directions of Love by failing to stop when requested on any occasion including or within two years immediately preceding June 25, 1970, the date alleged in each of the accusations. Where an averment in one count of an accusation or indictment distinguishes it from all other counts, either by alleging a different set of facts or a different date *which is made an essential averment of the transaction,* the State may on conviction punish the defendant for the various crimes, but where the accusation or indictment is general in nature, even though the offenses are congruous, acquittal of one will form the basis for a plea of autrefois acquit under any other particular facts coming within the charge stated in the accusation on the day stated therein or at any time within the statute of limitation. *Martin v. State,* 73 Ga. App. 573, 577 (37 SE2d 411) and citations. And see *Brown v. State,* 82 Ga. App. 673, 675 (62 SE2d 732). Verdicts which are repugnant and self-contradictory cannot be allowed to stand. *Porter v. State,* 124 Ga. App. 285 (183 SE2d 631). Since the defect appears upon the face of the record, the motion in arrest of judgment should have been granted. *Code* § 110-703.

*Judgment reversed. Bell, C. J., and Pannell, J., concur.*
Submitted September 7, 1971—Decided October 21, 1971.

*Cook & Palmour, A. Cecil Palmour,* for appellant.
*William M. Campbell, Solicitor,* for appellee.