**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY , JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 7, 2014**

# In the Court of Appeals of Georgia

A14A0021. TAYLOR v. THE STATE.

McFADDEN, Judge.

Edgar Taylor appeals his convictions of aggravated assault and possession of a firearm during the commission of a felony. We find the evidence sufficient to sustain Taylor's convictions. He argues that the verdicts are inconsistent with not guilty verdicts of malice and felony murder, but his case does not fall into the rare exception to the abolition of the inconsistent verdict rule. He argues that his convictions are barred by the principles of collateral estoppel, but the not guilty verdicts came in the same trial as the guilty verdicts, not a previous trial, so collateral estoppel does not apply. As the trial court was not required to instruct the jury on simple assault in connection with its instruction on aggravated assault, there is no

merit to Taylor's argument that its failure to do so was plain error. We therefore affirm.

1. *Sufficiency of the evidence.*

When a defendant challenges the sufficiency of the evidence supporting his criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted; emphasis in original). It is the function of the jury, not the reviewing court, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld." *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (citations and punctuation omitted).

Viewed in this light, the evidence shows that Taylor sold alcoholic drinks from his home. The victim, Elijah Huff, and his girlfriend, Elaine Rozier, would visit Taylor's home when they wanted a drink. On the day of the incident, Huff and Rozier went to Taylor's residence to drink and to ask him to repay a loan they had made him when his disability check was stolen. Taylor said he would not repay the loan. Rozier

2

left the residence without Huff, but before she reached the curb, she heard two shots. She looked back toward Taylor's residence. Huff was in the doorway, saying Taylor had shot him. Huff died from his wound.

Rozier testified that there had been no threats or arguments before she left. But two months before, Taylor had shown her and Huff a gun. Taylor had said he purchased the gun especially for Huff, who, when Taylor would not repay the loan, had reported to police that Taylor was selling drinks from his residence. Nonetheless, on the day of the shooting Rozier had expected no trouble because Huff had told her that he had worked it out with Taylor.

Taylor told the police that he had shot Huff, had meant to shoot him, and he would have shot him again, had he been able. Taylor's residence did not look as if a struggle had occurred, and Taylor told police that Huff had not touched him, nor did he see Huff with a weapon.

A person commits the offense of aggravated assault "when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2). A person commits the offense of possession of a firearm during the commission of a felony when that person has "on or within arm's

reach of his or her person a firearm . . . during the commission of, or the attempt to commit . . . [a]ny [felony] crime against or involving the person of another." OCGA § 16-11-106 (b) (1). The evidence is sufficient to support Taylor's convictions under these statutes.

2. *Inconsistent verdict.*

Taylor argues that the jury's finding him not guilty of malice murder and felony murder is inconsistent with its finding him guilty of aggravated assault and possession of a firearm during the commission of a felony. He acknowledges that Georgia has abolished the inconsistent verdict rule, under which "inconsistent verdicts in irreconcilable conflict in criminal cases warrant[] reversal." *Turner v. State*, 283 Ga. 17, 20 (2) (655 SE2d 589) (2008) (citation omitted). But he argues that his case falls into the rare exception that "reversal of an inconsistent verdict may occur . . . where, instead of being left to speculate as to the jury's deliberations, the appellate record makes transparent the jury's rationale." *Guajardo v. State*, 290 Ga. 172, 174 (2) (718 SE2d 292) (2011). We disagree.

Taylor argues that it is clear that the jury found him not guilty of malice murder and felony murder because it found that his actions were justified. In support of his contention that the jury's rationale is transparent, Taylor points to the facts that the

4

trial court instructed the jury extensively on justification and that during its deliberations, the jury sent a note to the judge that asked, "The jury would like to know – if we believe it's self defense, does that negate the charge of felony murder?" After allowing the state and Taylor to suggest their preferred responses to the question, the trial court responded in writing to the jury, "The jury has been provided all law that is applicable to this case and should continue its deliberations with the goal of reaching a unanimous verdict on all counts."

Taylor argues that the jury's question makes clear that it found him not guilty of malice murder and felony murder because it found his actions to be justified. We disagree. In *Guajardo*, supra, 290 Ga. at 174-175 (2), our Supreme Court held that a "jury's question regarding whether it was possible to find appellant not guilty on a malice murder count due to self-defense, but still find him guilty on other counts," did not expose the jury's rationale for acquittal and its inconsistency with the guilty verdicts. We observe that in this case, at the time they were discussing proposed responses to the jury's question, defense counsel, the assistant district attorney, and the court all acknowledged that the question did not elucidate the jury's rationale. "The jury's question[] to the trial court during its deliberations [is] not sufficient to

5

make its reasoning transparent, and we will not engage in speculation or unauthorized inquiry regarding its deliberations." Id. at 175 (2).

3. *Collateral estoppel.*

Taylor argues that the jury's not guilty verdicts conclusively decided the question of whether he committed an aggravated assault with a firearm. Consequently, he argues, collateral estoppel bars his convictions of aggravated assault and possession of a firearm during the commission of a felony. Collateral estoppel is "inapplicable because [it] require[s] a previous action between the same parties, and the [not guilty verdicts] came in the same action now on appeal." *State v. Mizell*, 288 Ga. 474, 478 (3) (705 SE2d 154) (2010) (citation omitted).

4. *Jury charge.*

Taylor argues that the trial court committed plain error by failing to charge the jury on simple assault to complete the definition of aggravated assault. We disagree. "Where, as here, . . . the jury has already been properly instructed on general intent and there is no question regarding the perpetrator's intent in shooting the victim . . . . , there is no need for the trial court to instruct the jury on simple assault in connection with its charge on aggravated assault." *Cantera v. State*, 289 Ga. 583, 586 (2) (713 SE2d 826) (2011) (citation).

6

*Judgment affirmed. Andrews, P. J., concurs; Ray, J., concurs fully in Divisions 1, 3 and 4 and in the judgment only in Division 2.*