**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**August 17, 2015**

# In the Court of Appeals of Georgia

A15A0772. MURPHY v. THE STATE.

BOGGS, Judge.

A jury found DeAnthony Murphy guilty of armed robbery and possession of a firearm during the commission of a felony. The trial court sentenced Murphy to ten years for armed robbery and five years concurrently for possession of a firearm during the commission of a felony. Murphy then filed a motion for new trial asserting that the verdict was without evidence to support it. This motion was denied by the trial court. Murphy now appeals, asserting that the evidence is insufficient for a rational trier of fact to find him guilty beyond a reasonable doubt. Finding no error, we affirm.

When reviewing the sufficiency of the evidence,

the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.

(Citations and footnote omitted; emphasis in original.) *Jackson v. Virginia*, 443 U.S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that on August 21, 2010, Murphy approached the victim in Underground Atlanta and began asking the victim about his jewelry and where he worked. After walking a short distance with the victim, Murphy pulled out a gun and robbed him with the aid of an accomplice. The victim then gave Murphy and the accomplice his belongings, which included $200, two jewelry chains, and a cell phone. After sitting in a state of shock for a moment, the victim began to pursue Murphy on foot while shouting that he had been robbed. The victim chose to chase Murphy rather than the accomplice because the victim assumed his belongings were stashed in the book bag Murphy was carrying.

The victim tackled Murphy and retrieved the bag. The bag did not contain the victim's belongings, but did contain the gun Murphy used in the commission of the

2

robbery along with various other items. The victim grabbed the gun as a security guard approached calling for assistance. Murphy was apprehended and the victim turned over to police the handgun he had retrieved from Murphy's bag.

Murphy asserts that the evidence presented is insufficient for conviction of armed robbery or possession of a firearm during the commission of a felony. We disagree. A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon. OCGA § 16-8-41(a)**.** To commit the offense of possession of a firearm during the commission of a felony, a person must have had a firearm within arm's reach during the commission of the felony. OCGA § 16-11-106(b).

To support the elements of these offenses, the evidence presented at trial included the victim's testimony and the testimony of a security guard and a bystander, both of who observed the victim chasing Murphy. The handgun retrieved from Murphy's book bag was also admitted into evidence. Despite this evidence, Murphy asserts that the evidence is insufficient because there were no independent eyewitnesses or forensic evidence, video surveillance footage was available at

Underground Atlanta but never viewed, and the lead detective was absent from the trial.

While Murphy points to evidence that was not admitted, the State was nonetheless able to meet its burden of proof. None of the other witnesses besides the victim saw the robbery in progress, but "the testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-14-8. If that single witness is an accomplice to a crime, further circumstantial evidence may be required. Here, however, the victim of the crime testified and identified Murphy as the man who robbed him. Furthermore, the testimony of the security guard and the bystander align with the victim's account of the robbery. The victim was also able to identify the handgun at trial. This evidence is sufficient to lead a rational juror to conclude beyond a reasonable doubt that Murphy robbed the victim with a firearm.

Murphy also emphasizes minor conflicts in the details of the witnesses' testimony and the victim's police reports. The testimony of the victim and the bystander conflict on how the gun in question was dropped. And the victim's police reports conflict on whether the accomplice placed the victim's belongings in Murphy's bag or if he held on to the items and ran off. However, these minor details do not invalidate Murphy's conviction.

It is the duty of the jury, not this Court, to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citation omitted.) *Lopez-Vasquez v. State*, 331 Ga. App. 570, 570 (1) (771 SE2d 218) (2015).

With the combined testimony of the witnesses at trial, the State has met its burden of proof and provided sufficient evidence to support the charges of armed robbery and possession of a firearm during the commission of a felony.

*Judgment affirmed. Doyle, C. J. and Phipps, P. J., concur.*