In the Supreme Court of Georgia

Decided: April 4, 2016

S15G1047. CARTER v. THE STATE.

MELTON, Justice.

Chernard Carter and his two co-defendants were involved in a gunfight at an apartment complex, and a stray bullet killed Lynette Reese. Carter was charged, in relevant part, with malice murder and three counts of felony murder predicated on aggravated assault. At trial, the jury was also instructed on provocation and voluntary manslaughter as a lesser included offense of both malice murder and felony murder. The jury found Carter not guilty of malice murder and not guilty of voluntary manslaughter as a lesser included offense of malice murder. The jury also found Carter not guilty of each count of felony murder (i.e. the two counts relating to Carter shooting at each of his co-defendants and causing Reese's death, and one charge relating to Carter committing an aggravated assault by shooting Reese, which led to her death). However, it found him guilty of voluntary manslaughter as a lesser included

offense of each count of felony murder. Thus, Carter had been found guilty of voluntary manslaughter as a lesser included offense of the alleged felony murder of Reese, but had also been found not guilty of voluntary manslaughter as a lesser included offense of the alleged malice murder of Reese.

On appeal, Carter argued that the verdict was an impermissible "repugnant verdict" because he was found "both not guilty and guilty" of the same crime of voluntary manslaughter with respect to the same victim, Reese. See Wiley v. State, 124 Ga. App. 654 (185 SE2d 582) (1971) (where defendant was found both guilty and not guilty of identical charges in an accusation, the defendant's motion in arrest of judgment to challenge the guilty verdict should have been granted, because "[v]erdicts which are repugnant and self-contradictory cannot be allowed to stand") (citation omitted). The Court of Appeals upheld Carter's voluntary manslaughter conviction, and we granted Carter's petition for a writ of certiorari to determine whether the Court of Appeals erred in this ruling. As explained more fully below, although we disagree with some of the Court of Appeals' reasoning, we conclude that the Court of Appeals ultimately reached the correct result in upholding Carter's conviction for voluntary manslaughter. We therefore affirm.

As an initial matter, it is worth noting that, although the Court of Appeals acknowledged the potential for repugnant verdicts over forty years ago in Wiley, supra, this Court has never adopted the reasoning in Wiley. Furthermore, this Court has not analyzed the concept of repugnant verdicts in relation to this Court's abolition of the "inconsistent verdict" rule fifteen years after the Court of Appeals decided Wiley. See Milam v. State, 255 Ga. 560 (2) (341 SE2d 216) (1986). Much like a repugnant verdict, an inconsistent verdict involves an alleged inconsistency between guilty and not guilty verdicts against a defendant or defendants that cannot be logically reconciled. See Turner v. State, 283 Ga. 17 (2) (655 SE2d 589) (2008); Lucas v. State, 264 Ga. 840 (452 SE2d 110) (1995). However, because the inconsistent verdict rule has been abolished, "a defendant cannot attack as inconsistent a jury verdict of guilty on one count and not guilty on a different count" as a legitimate means of having his or her conviction reversed. (Footnote omitted.) Dumas v. State, 266 Ga. 797, 799 (1) (471 SE2d 508) (1996). This is the case because

> it is not generally within the court's power to make inquiries into the jury's deliberations, or to speculate about the reasons for any inconsistency between guilty and not guilty verdicts. … [A]ppellate courts "cannot know and should not speculate why a jury acquitted on … [one] offense and convicted on … [another] offense. The

3

reason could be an error by the jury in its consideration or it could be mistake, compromise, or lenity. …" Stated another way, it is imprudent and unworkable … [to] allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error that worked against them. Such an individualized assessment of the reason for the inconsistency would be based either on pure speculation, or would require inquiries into the jury's deliberations that the courts generally will not undertake. United States v. Powell, [469 U. S. 57, 66 (105 SCt. 471, 83 LE2d 461 (1984)]; Smashum v. State, 261 Ga. 248 (2) (403 SE2d 797) (1991).[1]

Turner, supra, 283 Ga. at 20 (2).

Carter claims that the difference between repugnant verdicts and inconsistent verdicts is the fact that inconsistent verdicts involve a finding of guilt and an acquittal on entirely *separate* offenses, whereas repugnant verdicts involve a finding of guilt and an acquittal on the *same* offense. However, under the facts of this case, voluntary manslaughter as a lesser included offense of malice murder is not the same offense as voluntary manslaughter as a lesser

---

[1] There is an exception to the inconsistent verdict rule that would have no application to the facts of the current case, if, in fact, we were to consider a repugnant verdict to be merely a variation of an inconsistent verdict. "[W]hen instead of being left to speculate about the unknown motivations of the jury the appellate record makes transparent the jury's reasoning why it found the defendant not guilty of one of the charges, "[t]here is … no speculation, and the policy explained in Powell[, supra] and adopted in Milam, supra, … does not apply. [Cit.]" Turner, supra, 283 Ga. at 20-21 (2).

included offense of felony murder, and the two voluntary manslaughter verdicts can be logically reconciled. They are merely two different offenses upon which the jury was free to find Carter guilty or not guilty based on the facts of the case as interpreted by the jury. Accordingly, there is no repugnant verdict, and we need not decide the question whether the rule that we announced in Milam, supra – which forbids a defendant from attacking as inconsistent a verdict of guilty on one count and not guilty on a different count – is just as applicable in repugnant verdict cases as it is in other inconsistent verdict cases.[2]

Pursuant to OCGA § 16-5-2,

[a] person commits the offense of voluntary manslaughter when he causes the death of another human being *under circumstances which would otherwise be murder* and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person [and there was no] interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard.

---

[2] We also note that this case does not involve an impermissible "mutually exclusive" verdict, "where a defendant is convicted of two crimes, where a *guilty* verdict on one count logically excludes a finding of *guilt* on the other." (Emphasis supplied.) State v. Springer, 297 Ga. 376, 378 (774 SE2d 106) (2015), quoting Powell, supra, 469 U.S. at 69 n.8. Again, here we are addressing a verdict that involves a finding of guilty *and* not guilty with respect to voluntary manslaughter, and not two findings of guilt that cannot logically co-exist.

5

(Emphasis supplied.) In this regard, a person commits the offense of malice murder "when he unlawfully and with malice aforethought, either express or implied, causes the death of another human being." OCGA § 16-5-1 (a). Malice aforethought requires an express or implied intent to kill. See OCGA § 16-5-1 (b). Thus, the "circumstances which would otherwise be [malice] murder" but for the necessary provocation that would reduce the offense to voluntary manslaughter would consist of a defendant acting with the intent to kill another person. Accordingly, in order for a person to be found guilty of voluntary manslaughter as a lesser included offense of malice murder, that person must act with the intent to kill, but must also have taken his or her actions "as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2.

However, malice murder is not the only manner in which a defendant may commit the crime of murder. There is also felony murder, which requires only that a defendant, while "in the commission of a felony . . . cause[] the death of another human being *irrespective of malice.*" (Emphasis supplied.) OCGA § 16-5-1 (c). A defendant need not act with an intent to kill at the time that he or she

took the actions that led to the victim's death. Knight v. State, 271 Ga. 557, 559 (2) (521 SE2d 819) (1999) ("The presence or absence of malice is irrelevant to commission of felony murder"). The defendant need only commit the underlying felony that is integral to, and leads to, the victim's death. See Wallace v. State, 294 Ga. 257 (2) (754 SE2d 5) (2013). Thus, unlike the crime of malice murder, the necessary provocation that would mitigate the "circumstances which would otherwise be [felony] murder" in order to reduce that offense to voluntary manslaughter has nothing to do with a defendant's purported intent to kill. In this connection, to the extent that Walker v. State, 258 Ga. 443 (5) (370 SE2d 149) (1988) can be read to support the proposition that intent to kill is an essential element of voluntary manslaughter as a lesser included offense of felony murder, it is overruled.

In short, a defendant must have an intent to kill in order for voluntary manslaughter to serve as a potential lesser included offense of malice murder, but need not have any intent to kill for voluntary manslaughter to mitigate the circumstances that would otherwise constitute felony murder. Because of this fundamental difference between felony murder and malice murder, voluntary manslaughter as a lesser included offense of malice murder cannot be seen as the

7

same crime as voluntary manslaughter as a lesser included offense of felony murder. For this reason, the Court of Appeals correctly concluded that the jury's verdict in this case did not amount to a repugnant verdict in which Carter had been found guilty and not guilty of the same offense.

However, the Court of Appeals then went on to attempt to explain the manner in which the jury may have reached its verdict, stating that

> [t]he jury could have determined that Carter fired at the co-defendants solely as the result of a sudden, violent, and irresistible passion resulting from the co-defendants' provocative act of shooting at him, thus mitigating his offense and rendering him guilty of voluntary manslaughter as a lesser included offense of felony murder. Along those lines, the jury could also have logically found that Carter was not guilty of malice murder because *he did not intend to kill* the victim, and was not guilty of voluntary manslaughter as a lesser included offense of malice murder *because the victim did not provoke him to act*.

(Emphasis supplied.) Carter v. State, 331 Ga. App. 212, 219 (3) (770 SE2d 295) (2015). The Court of Appeals' reasoning is flawed. As explained more fully above, the provocation that mitigates the crime of malice murder goes directly to the defendant's intent to kill. If there is no intent to kill, the defendant has not engaged in an act "which would otherwise be [malice] murder" but for the provocation to reduce the offense to voluntary manslaughter. Once it has been

determined that the defendant had no intent to kill, there is no malice murder to be mitigated by evidence of provocation, and the question of voluntary manslaughter as a lesser included offense of malice murder could not even be reached. In this regard, a victim's alleged provocation of a defendant who acts with no intent to kill would be irrelevant to any determination of that defendant's guilt on a charge of voluntary manslaughter as a lesser included offense of malice murder. Accordingly, we disapprove that portion of the Court of Appeals' opinion which implies that a defendant could be found guilty of voluntary manslaughter as a lesser included offense of malice murder where that defendant has not acted with an intent to kill.

Judgment affirmed. All the Justices concur.