**THIRD DIVISION**
**GOBEIL,**
**COOMER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 19, 2019**

# In the Court of Appeals of Georgia

A18A1858. SMITH v. THE STATE.

GOBEIL, Judge.

Following a jury trial, Wilbert Leon Smith was convicted of criminal attempt to commit rape, false imprisonment, and simple battery, and was sentenced to 40 years, 10 of which are to be served on probation. He was acquitted of two counts of aggravated assault. Smith appeals from the denial of his motion for new trial, arguing that (1) his acquittal on the aggravated assault counts and conviction on the criminal attempt to commit rape count resulted in a repugnant verdict; and (2) his trial counsel was ineffective for failing to challenge the guilty verdict on the criminal attempt charge as repugnant. For the reasons set forth below, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of

innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004) (citations omitted); see also *Jackson v. Virginia*, 443 US 307, 319 (II) (B) (99 SCt 2781, 61 LEd2d 560) (1979).

So viewed, the evidence at trial established that the victim met Smith a few weeks before the incident, and Smith gave her his phone number. In a subsequent conversation, Smith asked the victim several times "to be more than friends," but the victim told him that she was not interested. On January 21, 2016, Smith drove the victim to a store and a job interview. On the way back from the interview, Smith showed her a handgun. Later that day, Smith agreed to rent the victim a hotel room at the Atlanta Airport Inn using his I.D. (because the victim did not have any I.D.) and the victim's money. After getting settled in the room, the victim told Smith she was going to sleep and was not comfortable with him staying there, so Smith left.

However, in the early morning hours of January 22, 2016, the victim awoke to find Smith standing next to the bed with a gun against her head. When the victim tried to reach for her phone, Smith began choking her with one hand and held a knife to her neck. The victim testified that when Smith opened the knife, it sounded like a

2

boxcutter. She tried to fight Smith off, but he threw her to the floor, and started choking her again. After Smith overpowered the victim, he made her get up and take off her clothes. She testified that she did not want to take off her clothes, and only did so because she "thought it was a life or death situation" and believed Smith was going to "snap [her] neck." The victim laid down on the bed, and Smith put his fingers inside her vagina. Smith then took off his pants, but was interrupted when a Forest Park police officer knocked at the hotel room door. The officer observed that Smith's pants were undone and a naked woman was behind Smith and mouthed the words "help me." Upon a search of the room, police discovered a cloth holster for a smaller caliber firearm on the floor, "a box cutter-style knife" under the mattress, condoms, lubrication, and male enhancement pills (the victim testified that the condoms, lubrication, and pills were not in the room when she went to sleep). However, no firearm was found in the hotel room or in a search of Smith's vehicle.

A grand jury indicted Smith on two counts of aggravated assault, one count of criminal attempt to commit rape, one count of false imprisonment, and one count of simple battery. The aggravated assault charges alleged that he assaulted the victim with a gun (Count 1) and a boxcutter (Count 2), while the criminal attempt to commit rape charge alleged that Smith threatened the victim "with a gun and a boxcutter,

3

forced her to take her pants off, and took his own pants off, acts which constitute a substantial step toward the commission of said crime." At the conclusion of the trial, a jury acquitted Smith of both counts of aggravated assault and convicted him of the remaining charges.

1. Smith argues that his conviction for criminal attempt to commit rape "constituted a repugnant verdict, lacking in reasonable intendment." He maintains that his acquittal on the aggravated assault charges and his conviction on the criminal attempt to commit rape charge cannot be legally or logically reconciled because all three counts were based on the same alleged facts (that he used a gun and box cutter to assault/threaten the victim), and, therefore, his acquittal on the aggravated assault counts precluded a guilty verdict as to the criminal attempt to commit rape count.

Although Smith uses the term "repugnant" to describe the verdict, his argument shows that he actually is challenging the verdict as inconsistent, as he relies on the definition of an inconsistent verdict. "[A]n inconsistent verdict involves an alleged inconsistency between guilty and not guilty verdicts against a defendant [on entirely separate offenses]. . . that cannot be logically reconciled." *Carter v. State*, 298 Ga. 867, 868-69 (785 SE2d 274) (2016). The inconsistent verdict rule was abolished by our Supreme Court in *Milam v. State*, 255 Ga. 560 (2) (341 SE2d 216) (1986). Id. at

4

868. Thus, "a defendant cannot attack as inconsistent a jury verdict of guilty on one count and not guilty on a different count as a legitimate means of having his . . . conviction reversed." Id. (citation and punctuation omitted). As our Supreme Court emphasized in *Carter*,

> [t]his is the case because it is not generally within the court's power to make inquiries into the jury's deliberations, or to speculate about the reasons for any inconsistency between guilty and not guilty verdicts. Appellate courts cannot know and should not speculate why a jury acquitted on one offense and convicted on another offense. The reason could be an error by the jury in its consideration or it could be mistake, compromise, or lenity. Stated another way, it is imprudent and unworkable to allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error that worked against them. Such an individualized assessment of the reason for the inconsistency would be based either on pure speculation, or would require inquiries into the jury's deliberations that the courts generally will not undertake.

Id. (citations, punctuation, and footnotes omitted); see also *Sanders v. State*, 245 Ga. App. 561, 564 (2) (538 SE2d 470) (2000) ("In Georgia, consistency in the verdict is not necessary, and every count of an indictment is regarded as if it is a separate indictment. Thus even if the verdicts are inconsistent, reversal is not required.")

5

(footnote omitted). Accordingly, Smith's inconsistent verdict challenge is without merit.

Alternatively, to the extent that Smith asserts that the verdict is repugnant because it involves a finding of guilt and an acquittal on the same offense based on the same set of facts, that argument also fails. In *Wiley v. State*, 124 Ga. App. 654, 655-66 (185 SE2d 582) (1971), we identified a repugnant verdict as one that involved a finding of guilt and an acquittal on the same offense based on the same set of facts.[1] However, we have since overruled *Wiley* and its progeny in an en banc decision. *Blevins v. State*, 343 Ga. App. 539, 550 (4) (808 SE2d 740) (2017). In doing so, we noted that *Wiley* was an "outlier" and determined that the reasoning set forth in *Milam* for abolishing the inconsistent verdict rule in criminal cases also applied to repugnant verdicts as defined in *Wiley*. *Blevins*, 343 Ga. App. at 550 (4). Thus, Smith's repugnant verdict claim is foreclosed by our decision in *Blevins*.

_____

[1]We have also defined "[a] repugnant or mutually exclusive verdict [as] one in which the jury, *in order to find the defendant guilty on both counts*, necessarily reached two positive findings of fact that cannot logically mutually exist." *Carter v. State*, 331 Ga. App. 212, 217 (3) (770 SE2d 295) (2015) (emphasis supplied) (citation and punctuation omitted). However, because there were not two findings of guilt in this case, we conclude Smith is not relying on this definition.

Notwithstanding the above, we note that Smith was not acquitted and convicted of the same offense. Although Smith was charged with using a gun and a box cutter to commit both the aggravated assaults and the criminal attempt to commit rape, aggravated assault and criminal attempt to commit rape are separate, distinct offenses that consist of different elements. Specifically, "[a]ggravated assault has two essential elements: (1) an attempt to commit a violent injury, or an act that places another in reasonable apprehension thereof, and (2) that the assault was aggravated by either (a) an intention to murder, rape, or rob, or (b) the use of a deadly weapon." *State v. Daniels*, 281 Ga. App. 224, 225-26 (1) (635 SE2d 835) (2006) (emphasis and footnote omitted). On the other hand, "[a] criminal attempt consists of three elements: (1) an intent to commit the specific crime; (2) performance of a substantial act toward committing the crime; and (3) failure to consummate the crime." *Brewster v. State*, 261 Ga. App. 795, 798 (1) (d) (584 SE2d 66) (2003) (footnote omitted). "A person commits the offense of rape when he has carnal knowledge of (1) a female forcibly against her will; or (2) a female who is less than ten years of age." OCGA § 16-6-1. Thus, there were two different offenses upon which the jury was free to find Smith guilty or not guilty based on the facts of the case as interpreted by the jury. The jury was entitled to resolve conflicts in the testimony and to draw all reasonable inferences

7

from the evidence. *Murphy v. State*, 333 Ga. App. 722, 724 (776 SE2d 657) (2015) ("It is the duty of the jury, not this Court, to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence.") (citation and punctuation omitted). Based on the evidence presented, the jury could have reasonably inferred that Smith used the weapons in an effort to rape the victim, but that Smith did not use the weapons to commit aggravated assault against the victim. Regardless, we "cannot know and should not speculate why a jury acquitted on one offense and convicted on another offense." *Turner v. State*, 283 Ga. at 20 (2) (655 SE 2d 589) (2008) (citations and punctuation omitted).

Moreover, the evidence was legally sufficient to uphold the guilty verdict of criminal attempt to commit rape. The State indicted Smith for criminal attempt to commit rape, charging that Smith "did threaten [the victim] with a gun and boxcutter, forced her to take her pants off, and took his own pants off, acts which constitute a substantial step toward the commission of said crime." The victim testified that Smith broke into her hotel room and was armed with both a box cutter and a gun. He forced her to remove her clothes against her will, placed his fingers inside her vagina, and removed his pants before being interrupted by a knock at the door. Additionally, the officer who interrupted the crime testified that he observed Smith's pants were

8

undone when Smith came to the door and that the victim was naked behind Smith, and mouthed the words "help me." A search of the room revealed a box cutter-style knife, a holster for a gun, condoms, lubrication, and male enhancement pills. Accordingly, the evidence was sufficient for the jury to conclude that Smith broke into the hotel room intending to rape the victim and that he took one or more substantial steps towards committing that crime. See *Taylor v. State*, 327 Ga. App. 288, 288 (1) (758 SE2d 629) (2014) ("As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld.") (citation and punctuation omitted).

2. Smith argues that his trial counsel rendered constitutionally ineffective assistance when he failed to move to set aside Smith's criminal attempt to commit rape conviction on the grounds that the verdict was repugnant in light of Smith's acquittal on the aggravated assault counts. We disagree.

To make a successful claim of ineffective assistance of counsel, a defendant must show both that his counsel's performance was deficient, and there is a reasonable probability that, but for the deficiency, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SCt 2052, 80 LEd2d 674) (1984); *Thomas v. State*, 318 Ga. App. 849, 857 (5) (734 SE2d

9

823) (2012). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Thomas*, 318 Ga. App. at 857 (5) (citation and punctuation omitted). We accept the trial court's findings of fact and credibility determinations unless clearly erroneous, but we review its legal conclusions de novo. *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

In light of our determination in Division 1, Smith cannot show that his trial counsel's performance was deficient or that he was prejudiced by his counsel's failure to move to set aside Smith's conviction for criminal attempt to commit rape on the ground that the verdict was repugnant. *Strickland*, 466 U.S. at 687; see also *Murray v. State*, 306 Ga. App. 106, 109 (701 SE2d 579) (2010) ("Failure to pursue a meritless motion does not amount to ineffective assistance.") (footnote omitted).

Accordingly, for the reasons set forth above, we affirm.

*Judgment affirmed. Coomer and Hodges, JJ., concur.*