**FOURTH DIVISION
DILLARD, P. J.,
RICKMAN, P. J., and BROWN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**January 15, 2021**

# In the Court of Appeals of Georgia

A20A1600. MIKE v. THE STATE.

BROWN, Judge.

Following a jury trial, David Mike was convicted of child molestation, cruelty to children in the first degree, obstruction of a police officer, and possession of less than one ounce of marijuana in connection with an incident in which Mike exposed himself to a 15-year-old girl. He appeals his convictions and the denial of his amended motion for new trial, contending that the trial court gave an improper jury charge and that trial counsel was ineffective in failing to object to the improper charge. Mike also contends that the trial court abused its discretion in admitting under OCGA § 24-4-404 (b) evidence of six prior occasions Mike exposed himself to adult females. For the reasons that follow, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." (Citation and punctuation omitted.) *Smith v. State*, 348 Ga. App. 643, 643-644 (824 SE2d 382) (2019). So viewed, the evidence presented at trial shows that the 15-year-old-victim was with her aunt in the check-out line at a Food Lion. The victim left the line to get chips when she encountered Mike. Mike had his penis out, "moving his hand back and forth" on his penis while looking at the victim. The victim immediately told her aunt what had happened, and the aunt told the cashier. The cashier told Mike "keep it in your pants," and Mike responded "okay" as he exited the store.

The aunt called the police, who arrived shortly thereafter and began looking for a man matching the description given by the aunt. After a chase on foot, Mike was apprehended. Both the victim and her aunt testified that the man they saw police chase and apprehend was the same man who exposed himself to the victim. Police searched Mike upon arrest and discovered a rolled marijuana cigarette. After his arrest, Mike told officers that his "fly" was open because he was coming out of the bathroom.

The jury found Mike guilty on all counts in the indictment, and Mike filed a motion for new trial. The trial court denied the motion, as amended, and this appeal followed.

1. Mike contends that the trial court erred by commingling the offenses of child molestation and public indecency in its charges to the jury.

Count 1 of the indictment charged Mike with committing child molestation by "exposing his penis to [the victim] and moving it in a back and forth manner while so exposed." During the charge conference, the State submitted that if the court was going to charge the jury on public indecency as a lesser included offense of child molestation, it needed to charge that the jury "would be authorized to consider the lesser included offense of public indecency if and only if you found that the victim was 16 years of age or older, or that the act alleged in the indictment was not an immoral or indecent act." The defense initially disagreed, but then seemed to accept that the trial court was going to include the language in its charge. After defining the offense of child molestation, the trial court charged the jury as follows:

> After consideration of all of the evidence, before you would be authorized to return a guilty verdict of child molestation, you must first determine whether mitigating circumstances, if any, would cause the offense to be reduced to public indecency. You are authorized to consider a lesser included offense of public indecency if and only if you

3

determine that the age of the victim was 16 years of age or older or that the alleged offense did not constitute an immoral or indecent act.

I further charge you, ladies and gentlemen, a person commits public indecency when that person performs any act of the following acts in a public place: a lewd exposure of the sexual organs.

See OCGA § 16-6-8 (a) (2). Following the trial court's instructions to the jury, defense counsel stated she had no objections to the charge.

"Where, as here, a party fails to object to a jury charge, we review the issue for plain error pursuant to OCGA § 17-8-58 (b)." *Booth v. State*, 301 Ga. 678, 680 (2) (804 SE2d 104) (2017). "Under the plain error standard of review, appellate courts assess whether the trial court's instruction was erroneous, the error was obvious, the instruction likely affected the outcome of the proceedings, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." (Citation and punctuation omitted.) *State v. Thomas*, 350 Ga. App. 763, 765 (1) (830 SE2d 296) (2019).

Pretermitting whether the charge here was erroneous, there was no evidence to support the instruction for public indecency based on OCGA § 16-6-8 (a) (2). "[I]n order to authorize a jury instruction on a lesser-included offense, there must be some evidence in the record that the defendant committed that offense." *Daniel v. State*,

4

301 Ga. 783, 785 (II) (804 SE2d 61) (2017). "Where, as here, the evidence establishes either the commission of the completed offense as charged, or the commission of no offense, the trial court is not authorized to charge the jury on a lesser included offense." (Citation and punctuation omitted.) *Seay v. State*, 276 Ga. 139, 140 (2) (576 SE2d 839) (2003) (where the evidence at trial showed that defendant either committed the offense of malice murder or that the pistol discharged accidentally and no crime occurred, no error in trial court's failure to charge on lesser included offense of involuntary manslaughter). See *Rainey v. State*, 261 Ga. App. 888, 890 (2) (584 SE2d 13) (2003) ("But where the defendant has been charged with child molestation and he has denied the charges, claiming alibi, it is not error to refuse to charge the elements of the alleged lesser included offense of public indecency."). Here, the record reveals that Mike either intentionally exposed his penis to the 15-year-old victim, or, as the defense theorized at trial, that Mike accidentally left his pants unzipped after exiting the bathroom.[1] Because the evidence did not authorize a charge on public indecency as a lesser included offense of child molestation, Mike cannot show that the charge affected the outcome of his trial, and we thus find no plain error.

---

[1] Mike requested and received a jury charge on the defense of accident or mistake.

5

Cf. *Seals v. State*, 350 Ga. App. 787, 794 (2) (b) (830 SE2d 315) (2019) (because "a sequential jury charge is only improper if . . . there is sufficient evidence to authorize a guilty verdict on the lesser offense," defendant could not show that trial court's charge on sexual battery as a lesser included offense of rape amounted to plain error where "the evidence . . . did not support a sexual-battery conviction").

2. Mike also contends that trial counsel's failure to object to the charge discussed in Division 1 amounted to ineffective assistance. "To prevail on this claim, [Mike] has the burden of proving both that the performance of his lawyer was professionally deficient and that he was prejudiced as a result. In examining an ineffectiveness claim, a court need not address both components of the inquiry if the defendant makes an insufficient showing on one." (Citation and punctuation omitted.) *Jackson v. State*, 305 Ga. 614, 622 (3) (825 SE2d 188) (2019). Given our conclusion in Division 1 that the evidence did not authorize a charge on the lesser included offense of public indecency, Mike cannot show ineffective assistance on this basis. See *Dority v. State*, 335 Ga. App. 83, 104 (4) (g) (780 SE2d 129) (2015) ("There being no plain error in the . . . charge as given by the court, [the defendant] can show no ineffective assistance of counsel for failure to object to the charge as given.").

6

3. Mike lastly contends that the trial court erred in allowing the State to present evidence of six prior incidents where he displayed his penis to adult women. He argues that the evidence was not admitted for a proper purpose and that the prejudicial nature of the evidence outweighed any probative value.

When assessing the admissibility of other acts evidence, the trial court must apply a three-part test to examine whether:

> (1) the other acts evidence is relevant to an issue other than the defendant's character, (2) the probative value is not substantially outweighed by undue prejudice under OCGA § 24-4-403 ("Rule 403"), and (3) there is sufficient proof that a jury could find by a preponderance of the evidence that the defendant committed the acts.

(Citation and punctuation omitted.) *Lofland v. State*, ___ Ga. App. ___ (1) (___ SE2d ___) (decided October 13, 2020). "A trial court's decision to admit other acts evidence will be overturned only where there is a clear abuse of discretion." (Citation and punctuation omitted.) *Flowers v. State*, 307 Ga. 618, 621 (2) (837 SE2d 824) (2020).

The State filed a pretrial notice of its intent to introduce under OCGA § 24-4-404 (b) evidence of prior incidents where Mike exposed himself to women. In its order admitting the evidence, the trial court found that evidence of the prior incidents was relevant and admissible to show intent and absence of mistake or accident. The

7

court then found that although the evidence would be prejudicial, the undue prejudice did not substantially outweigh the probative value of the other acts evidence because "the other acts committed by [Mike] are almost identical factually in that [he] exposed his penis and stroked it back and forth or masturbated while looking at the various female victims." Lastly, the trial court found that the State had sufficient proof to show that Mike did in fact commit the other acts.

During the trial, six women testified about prior incidents in which Mike had exposed himself to them while masturbating. Five of the incidents occurred while Mike was incarcerated. Before this testimony and following the close of the evidence, the trial court gave the jury a limiting instruction.

(a) Mike contends that absence of mistake or accident was not a proper purpose for admitting the evidence because he never actually claimed that the incident at issue was an accident or mistake. We disagree.

Generally, other acts evidence should not be admitted on a lack-of-accident-or-mistake theory when the defendant "never claimed, nor was there any evidence to suggest, that the [offense at issue] was the result of an accident or mistake." *Brown v. State*, 303 Ga. 158, 161 (2) (810 SE2d 145) (2018). The Eleventh Circuit has explained that "[u]sing prior bad acts to show lack of accident or mistake makes sense

8

in cases where the alleged conduct could occur unwittingly." *United States v. Gray*, 771 FAppx. 976, 980 (III) (B) (a) (11th Cir. 2019).[2] Here, some evidence suggested that the incident was the result of an accident, namely evidence that Mike told police that he had just exited the restroom and impliedly did not realize his penis was exposed when the victim saw him. Compare *Brown*, 303 Ga. at 161 (2); *Parks v. State*, 300 Ga. 303, 306 (2) (794 SE2d 623) (2016); *Green v. State*, 352 Ga. App. 284, 289 (2) (b) (834 SE2d 378) (2019). Moreover, Mike affirmatively put forth accident or mistake as a defense. He elicited testimony from the Food Lion's manager that surveillance cameras in the store monitored the restroom area and that the manager did not review the surveillance footage to determine whether anyone was leaving the restroom at the time, seemingly implying that Mike could have been exiting the restroom as he had claimed in his statements to police. Mike then highlighted this fact in closing to the jury and argued that the State "[had] not proven that he was not in fact in the bathroom." Finally, Mike requested and received a jury charge on the defense of accident or mistake. Thus, the other acts evidence was relevant to rebut the

---

[2] We look to federal cases when analyzing the admission of evidence under the new Evidence Code. *Hamlett v. State*, 350 Ga. App. 93, 100 (2), n.4 (828 SE2d 132) (2019).

9

contention that Mike accidentally exposed his penis after using the bathroom and was admitted for a proper purpose.[3]

(b) Mike also contends that even if the other acts evidence was admitted for a proper purpose, the prejudicial nature of the evidence far outweighed its probative value because five of the six incidents occurred while Mike was incarcerated, and thus evidence of his prior incarceration was presented to the jury. This contention lacks merit.

Rule 403 allows for the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." OCGA § 24-4-403. "To determine whether relevant evidence is more probative than prejudicial, our Supreme Court has explained that, generally speaking, the greater the tendency to make the existence of a fact more or less probable, the greater the probative value." (Citation and punctuation omitted.) *Chambers v. State*, 351 Ga. App. 771, 778 (2) (833 SE2d 155)

---

[3] Under the circumstances, we need not examine whether this evidence was also admissible on the issue of intent because we conclude that it was admissible as to absence of accident or mistake. See *Fleming v. State*, 306 Ga. 240, 246 (3) (b), n.7 (830 SE2d 129) (2019).

10

(2019). And, "the extent to which evidence tends to make the existence of a fact more or less probable depends significantly on the quality of the evidence and the strength of its logical connection to the fact for which it is offered." *Olds v. State*, 299 Ga. 65, 75 (2) (786 SE2d 633) (2016). "[I]n reviewing issues under Rule 403, we look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." (Citation and punctuation omitted.) *Green*, 352 Ga. App. at 291 (2) (e).

In this case, we find no abuse of discretion in the trial court's application of the Rule 403 balancing test. The State needed to overcome Mike's defense that he accidentally exposed his penis to the victim after using the bathroom. Additionally, as the trial court found, all of the incidents were significantly similar: Mike exposed his penis to a female in a public place and masturbated before ultimately fleeing. Evidence that Mike on six prior occasions had exposed himself in the same manner lessened the possibility that the incident at issue was an accident.[4] Thus, while evidence of Mike's prior incarcerations was prejudicial, the incidents were not a "matter of scant or cumulative probative force, dragged in by the heels for the sake

---

[4] For this reason, we reject Mike's contention that presenting evidence of all six incidents was "needlessly cumulative."

11

of [their] prejudicial effect." (Citation and punctuation omitted.) *Fleming v. State*, 306 Ga. 240, 248 (3) (b) (830 SE2d 129) (2019) (probative value of evidence that defendant, while incarcerated, orchestrated a violent attack on another inmate outweighed any prejudicial effect stemming from evidence of defendant's incarceration and gang-affiliation). Moreover, the trial court lessened the prejudicial impact of this evidence when it repeatedly instructed the jury to consider the evidence for only the limited purpose of proving intent or the absence of mistake or accident. See *Lofland*, ___ Ga. App. at ___ (1) (a).

*Judgment affirmed. Dillard, P. J., and Rickman, P. J., concur.*