NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: October 11, 2023

S23A0987. CALDWELL v. THE STATE.

PETERSON, Presiding Justice.

Javion Tremir Caldwell was charged with felony murder predicated on aggravated assault (Count 1), felony murder predicated on possession of marijuana with intent to distribute (Count 2), aggravated assault (Count 3), and possession of marijuana with intent to distribute (Count 4) in connection with the shooting death of Jaleen Harrell during a drug deal. Caldwell was found guilty of Counts 2 and 4 and not guilty of Counts 1 and 3.[1] On

[1] The crime occurred on March 1, 2019. In June 2019, a Gwinnett County grand jury indicted Caldwell and Shamarii Bonner and charged them with felony murder predicated on aggravated assault (Count 1), felony murder predicated on possession of marijuana with intent to distribute (Count 2), aggravated assault (Count 3), and possession of marijuana with intent to distribute (Count 4). After a jury trial in which Caldwell was found guilty on Counts 2 and 4, the trial court sentenced Caldwell to life with the possibility of parole on Count 2 and merged Count 4. Caldwell's motion for new trial, filed before the sentence was entered, ripened upon entry of judgment. See *Southall v. State*, 300 Ga. 462, 466-467 (1) (796 SE2d 261) (2017). He subsequently

appeal, Caldwell argues that the trial court failed to charge the jury that it had to find that he shot Harrell with a handgun in order to find him guilty on Count 2. Caldwell alternatively argues that the jury's verdicts on Counts 1, 2, and 3 are repugnant, because the jury's verdicts on Counts 1 and 3 reflected a finding that he did not shoot Harrell, even as a party to the crime, which Caldwell argues also means that it had to acquit him on Count 2.

We reject both claims. Because Caldwell did not object to the trial court's jury instructions, including those related to Count 2, we review that claim for plain error. He cannot show plain error when Count 2 of the indictment charged that Caldwell shot Harrell with a handgun and the court instructed the jury that the State had to prove the material allegations in the indictment. The verdicts are not repugnant because the court charged the jury that to prove aggravated assault with a deadly weapon — the conduct underlying Counts 1 and 3 — the jury had to find that Caldwell acted with a

---

amended his motion, which the trial court denied in May 2023. Caldwell timely filed a notice of appeal, and his case was docketed to this Court's August 2023 term and submitted for a decision on the briefs.

specific intent to injure Harrell, but this was not an element of Count 2. We affirm.

The trial evidence showed the following. On March 1, 2019, Harrell was at Diendy Hall's house in Lawrenceville when he called Caldwell to purchase some marijuana. After agreeing on a location, Caldwell contacted his friend, Shamarii Bonner, to accompany him to meet Harrell. Caldwell and Bonner traveled in a white Acura belonging to Caldwell's girlfriend and met Harrell in a cul-de-sac near Hall's house. Around 12:50 p.m., neighbors heard a gunshot and then saw a white car speed off with two people inside. Harrell collapsed in a nearby driveway and died from a gunshot wound to his chest. Green leafy material was recovered from the area where he was found.

Hall told police that Harrell stated he had gone to Hall's house with the intent of calling over a drug dealer and robbing the dealer of marijuana. During a police interview, Caldwell admitted that he and Bonner traveled to meet Harrell to sell marijuana. Caldwell said that upon arriving at the designated location, Harrell

3

approached the driver's side where Caldwell was seated and handed Caldwell money that Caldwell believed was counterfeit. Caldwell confronted Harrell about the suspected counterfeit bill, and Harrell tried to grab the marijuana located on Caldwell's lap. Caldwell said that he and Harrell tussled, ripping the bag of marijuana in the process, and that Bonner then shot Harrell.

At trial, Caldwell's defense was essentially that if anyone should be held responsible for Harrell's death, it should be Bonner, because Caldwell did not know Bonner had a gun and Bonner fired the shot that killed Harrell after Harrell attempted to rob Caldwell.

1. Caldwell argues that the trial court failed to charge the jury as to Count 2 in the manner set forth in the indictment. Specifically, Caldwell argues that the trial court failed to tell the jury that it had to find that he shot Harrell with a handgun in order to find him guilty of Count 2. Caldwell's claim fails.

Count 2 charged that Caldwell and Bonner, individually and as parties to a crime, "while in the commission of the offense of Possession of Marijuana with Intent to Distribute, a felony, did

4

cause the death of Jaleen Harrell . . . by shooting him with a handgun[.]" In instructing the jury, the trial court read Count 2 as charged, and told the jury that the State had to prove beyond a reasonable doubt each element of the crimes charged and every material allegation of the indictment. On causation, the trial court instructed the jury as follows:

> You may find the defendant guilty of felony murder if you believe that he caused the death of another person by committing the felony of aggravated assault and/or possession of marijuana with intent to distribute, regardless of whether he intended the death to occur. There must be some causal connection between the felony murder and the death. *Felony murder is not established simply because the death occurred at the same time as or shortly after the felony was attempted or committed. The felony must have directly caused or played a substantial and necessary part in causing the death, regardless of when the death ultimately occurred.*

The court also defined the crimes of aggravated assault with a deadly weapon and possession of marijuana with intent to distribute.

During deliberations, the jury sent a few notes asking for clarification. In one, the jury pointed out the italicized language

5

above, stating:

> We are having a struggle with page 18 about causation. The last two sentences are contradictory. Is there a better interpretation of the causation of felony murder?

After consulting the parties, the trial court responded by telling the jury:

We have received the question that you had about the charge of felony murder. What I can tell you is that you must rely on the charge as it is written and resolve the charge, along with the evidence, as you best see the charge to fit to the evidence and as you recall the evidence to be. I will remind you just to take the charge as a whole and apply it to the evidence that you heard as a whole. The jury sent additional notes, with the final one stating:

> A juror wants clarification on if the description of [Harrell's] death in the indictment ("by shooting him with a handgun") at the end of count 2, is merely a description of how [Harrell] died, or if it was a description of [Caldwell's] actions.

With the parties' consent, the court replied, "The indictment is the State's allegations of how the alleged crimes occurred."

Caldwell now argues on appeal that the trial court failed to

6

charge the jury during its initial charge or in its responses to the jury's notes that, to find him guilty on Count 2, the jury had to find that he, either directly or as a party to a crime, shot Harrell with a handgun. Caldwell argues that the court's failure to provide this instruction constructively amended the indictment by allowing the jury to find him guilty if the State proved merely that Harrell died during the time Caldwell possessed marijuana with the intent to distribute it. As part of this argument, Caldwell claims that the jury's acquittal on Counts 1 and 3, which were based on aggravated assault with a deadly weapon, proves that the jury found him guilty of Count 2 in a manner not alleged in the indictment.

Caldwell did not object to the trial court's instructions on Count 2 after the initial charge or in response to the jury's notes, so his claim is reviewed for only plain error. See OCGA § 17-8-58 (b). To establish plain error, Caldwell has to

> demonstrate that the instructional error was not affirmatively waived, was obvious beyond reasonable dispute, likely affected the outcome of the proceedings, and seriously affected the fairness, integrity, or public reputation of judicial proceedings. Satisfying all four

7

prongs of this standard is difficult, as it should be. *Clarke v. State*, 308 Ga. 630, 637 (5) (842 SE2d 863) (2020) (citation and punctuation omitted). This Court does not have to analyze all elements of the plain-error test where an appellant fails to establish one of them. See *State v. Herrera-Bustamante*, 304 Ga. 259, 264 (2) (b) (818 SE2d 552) (2018).

Caldwell's claim fails because he cannot show an obvious error; the trial court essentially provided the instruction he now argues was absent. As described above, in its charge to the jury, the trial court described the allegations in Count 2, which clearly alleged that during the possession offense, Caldwell "did cause the death of Jaleen Harrell . . . by shooting him with a handgun[.]"By reading these allegations and charging the jury that the State had to prove the material allegations in the indictment, the court instructed the jury on the very thing that Caldwell claims the court failed to do — that the State had to prove that Caldwell, either directly or as a party to the crime, caused Harrell's death *by shooting him with a handgun*. The failure to give a requested jury charge in the exact

language requested provides no basis for reversal where the charges, as a whole, substantially cover the applicable principles of law. See *Adkins v. State*, 314 Ga. 477, 483 (3) (877 SE2d 582) (2022). Therefore, Caldwell's claim fails.

2. In an alternative argument, Caldwell complains that the jury's acquittal on Counts 1 and 3 cannot be reconciled with the jury's guilty verdict on Count 2, because in finding him not guilty on Counts 1 and 3, the jury found that he did not shoot Harrell, either directly or as a party to a crime. He argues that the verdicts are therefore repugnant. This claim also fails.

Repugnant verdicts occur when, "in order to find the defendant not guilty on one count and guilty on another, the jury must make affirmative findings shown on the record that cannot logically or legally exist at the same time." *McElrath v. State*, 308 Ga. 104, 111 (2) (c) (839 SE2d 573) (2020) (emphasis omitted). Repugnant verdicts must be vacated. See id.

Here, even under Caldwell's logic, the jury's verdicts are not repugnant because they can logically co-exist. Counts 1 and 3

9

involved aggravated assault, and the court defined assault as "when a person attempts to cause a violent injury to the person of another." This charge instructed the jury that, in order to find Caldwell guilty of Counts 1 and 3, it had to find that he intended to cause a violent injury to Harrell. But the jury was not instructed that a guilty verdict on Count 2 required a finding of a specific intent to injure. The jury's acquittal reasonably could be understood as a finding that Caldwell did not have the intent to injure Harrell, which was supported by Caldwell's claims that he did not know Bonner had a weapon and that Bonner shot at Harrell only after Harrell appeared to attack Caldwell.[2] And because the jury was not instructed on specific intent to injure as to Count 2, and instead was instructed that it would have to find that Caldwell's possession with intent to distribute directly caused or played a substantial and necessary part in causing the death of Harrell, it was not illogical for the jury to

---

[2] Our decision should not be understood as suggesting that our repugnant verdicts jurisprudence requires or supports the sort of verdict interpretation that Caldwell argues for here. Caldwell's argument fails by its own logic, so we need not engage in further analysis.

find Caldwell guilty on that count but acquit him on Counts 1 and 3. See *State v. Owens*, 312 Ga. 212, 217-219 (1) (b) (862 SE2d 125) (2021) (concluding based on court's instructions and State's closing argument that the verdicts were not repugnant, notwithstanding that the verdict form in isolation could suggest otherwise); *Carter v. State*, 298 Ga. 867, 869 (785 SE2d 274) (2016) (no repugnant verdict on "two different offenses upon which the jury was free to find [the defendant] guilty or not guilty based on the facts of the case as interpreted by the jury").

*Judgment affirmed. All the Justices concur.*